LeClerc v. HHS                          CV-93-648-B    08/10/94

UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Kevin LeClerc

     v.                                    Civil No. 93-648-B

Donna Shalala, Secretary of
Health & Human Services


                           **O R D E R**


     Kevin LeClerc challenges a decision by the Secretary of
Health and Human Services denying his application for disability
benefits.  LeClerc contends that his claim should be remanded to
the Secretary because he did not knowingly and intelligently
waive his right to be represented at his disability hearing and
was prejudiced by the absence of counsel.  As prejudice, he
alleges that the Administrative Law Judge failed to obtain recent
records concerning his infection with Hepatitis B, improperly
discredited his subjective complaints of Hepatitis-related
fatigue, and failed to incorporate these complaints into the
hypothetical posed to the vocational expert who testified at the
hearing.

## I.  BACKGROUND

LeClerc's disability claim relates primarily to a ruptured disc that causes him severe lower back pain.  However, in a statement attached to his February 1993 request for an administrative hearing, LeClerc informed the Secretary that he also had contracted Hepatitis B.[1]  The statement listed Dr. Alexis-Ann Bundschuh as his treating physician.  Id.

After receiving LeClerc's hearing request, the Secretary obtained the following Hepatitis-related medical records:  (1) a December 1990 emergency room record stating that LeClerc had come in for an examination because his live-in girlfriend had tested positive for Hepatitis B; (2) blood work results from December 1990 and January 1991 showing positive test results for the virus; and (3) Dr. Bundschuh's notes from the same period indicating that LeClerc "has been tired on and off for quite some time" and is "definitely infectious."  Other than a fleeting reference in an October 1992 record relating to an emergency room visit for back and chest pains, the record contains no further

_____

[1]LeClerc's request for remand only raises issues relating to his infection with Hepatitis B.  Consequently, I do not address the facts concerning LeClerc's back impairment other than to incorporate by reference the parties' related stipulations of facts.

medical evidence relating to LeClerc's infection with Hepatitis B.

At the hearing, LeClerc elected to proceed pro se. After questioning LeClerc about his back problems, the ALJ asked him whether he suffered from any other impairments. LeClerc replied "I have a lot of stress, the Chiropractor says, in the shoulders and neck. I [also] have Hepatitis B; which makes me very tired all the time." The following exchange then ensued:

ALJ: What are we taking for that?

CLT: Nothing. They told me to eat a lot of sweets.

ALJ: Eat a lot of sweets? What does that do?

CLT: That helps keep your liver functional.

ALJ: You say that tires you out? ...

CLT: Oh, yes.

ALJ: Is it something that varies from day to day or --

CLT: No, it's constant.

ALJ: How about sleeping? Do you have any problems sleeping at night?

CLT: Yea, because I sleep during the day.

ALJ: Okay. Is that a nap?

CLT: When I'm tired I just lay down and sleep like three hours and when it's time to go to bed at 10:00 at night, when I go to bed I just toss and turn and toss until about 3:00 in the morning and then I finally doze off.

ALJ: Have you tried not taking a nap in the day time so you could do better at night?

CLT: I don't think I could make it until the night?

ALJ: Okay.  Do you routinely lie down at a certain time of day?

CLT: It's around 3:00?

ALJ: And you wake up for dinner?

CLT: Yeah.

Hepatitis was mentioned once more during the hearing, when LeClerc identified Dr. Bundschuh as the physician who "takes care of my blood work and my Hepatitis."  The ALJ did not incorporate LeClerc's fatigue complaints into the hypothetical she posed to the testifying vocational expert.

Applying the sequential analysis outlined in 20 C.F.R. §404.1520, the ALJ subsequently determined that LeClerc was not disabled.  She found that LeClerc's ruptured disc was a severe impairment that prevented him from returning to his past work as a materials handler, but concluded that he retained the residual functional capacity to perform light work "reduced by the need to stand after 20 minutes of sitting, and no working at unprotected

4

heights or on unprotected concrete surfaces."  Based upon the vocational expert's testimony that there were a significant number of jobs in the national economy which LeClerc could still perform, the ALJ concluded that LeClerc was not disabled.  The ALJ's opinion did not mention Hepatitis B or LeClerc's claim that the virus left him constantly fatigued.

## II.  DISCUSSION

LeClerc requests that I remand his case because he did not knowingly and intelligently waive his right to be represented at his disability hearing and was prejudiced by the absence of counsel.  LeClerc's allegations of prejudice are essentially threefold:  first, the ALJ failed to obtain recent medical records concerning his infection with Hepatitis B (which he alleges would corroborate his subjective complaints of Hepatitis-related fatigue); second, that she improperly discredited his subjective fatigue complaints; and third, she consequently failed to incorporate these complaints into the hypothetical posed to the vocational expert who testified at the hearing.

While I note that LeClerc asserts these three separate forms of prejudice, the facts of this case indicate that the first may warrant remand irrespective of a valid waiver of counsel or the

5

presence of the other two.[2]  Consequently, I leave the latter allegations of prejudice for a subsequent order (if necessary) and focus on whether a remand is required by the ALJ's failure to request additional medical records that might corroborate LeClerc's subjective fatigue complaints.

Pursuant to 42 U.S.C. §405(g), a district court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  (West Supp. 1994).  The statute thus imposes three requirements -- newness, materiality and good cause -- that must be satisfied before a district court may remand a case to the Secretary to obtain additional evidence.  <u>Evangelista v. Secretary of Health & Human Servs.</u>, 826 F.2d 136, 139 (1st Cir. 1987).

---

[2]If LeClerc is entitled to a remand based on the ALJ's failure to obtain the more recent medical records, the ALJ must necessarily reevaluate her assessment of LeClerc's subjective pain complaints in light of the evidence these records contain. I therefore would not need to determine whether, in her original disposition of LeClerc's claim, the ALJ improperly discredited his subjective pain complaints and thus improperly excluded them from the hypothetical she posed to the vocational expert.

6

The parameters of these three requirements are relatively well settled.  First, evidence is new if it is non-cumulative, factual and has not been previously presented to the ALJ.  Id. at 139-40.  Second, evidence is material if its inclusion in the record is necessary to afford the claimant a fair hearing.  Id.; Heggarty v. Secretary of Health & Human Servs., 947 F.2d 990, 997 (1st Cir. 1991).  In other words, had the evidence been considered, the ALJ's decision "might reasonably have been different."  Evangelista, 826 F.2d at 140 (quoting Falu v. Secretary of Health and Human Services, 703 F.2d 24, 27 (1st Cir. 1983)).  Finally, there are several legally adequate causes for the failure to incorporate the new and material evidence into the record at a disability hearing, one of which is the presiding ALJ's failure to adequately develop the facts concerning a claimant's impairments.  Haggerty, 947 F.2d at 997-98.  This duty is heightened

> where the [claimant] is unrepresented, where the claim itself seems on its face to be substantial, where there are gaps in the evidence necessary to a reasoned evaluation of the claim, and where it is within the power of the administrative law judge, without undue effort, to see that the gaps are somewhat filled  -- as by ordering easily obtained further or more complete reports or requesting further assistance from a social worker or psychiatrist or key witness.

Id. at 997 (quoting Currier v. Secretary of Health, Ed. and

7

<u>Welfare</u>, 612 F.2d 594, 598 (1st Cir. 1980)).

The moving party bears the burden of establishing that the above three requirements have been met. <u>Evangelista</u>, 826 F.2d at 139. Consequently, "[t]he party seeking the remand must present to the court the evidence it hopes to submit in the administrative proceeding should remand be granted or at least a general showing of the nature of the evidence." <u>Falu</u>, 703 F.2d at 27 (quoting <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979)). Where the existence and content of the additional evidence is undisputed and/or clearly discernible from testimony and other existing record evidence, the moving party may rely on this evidence to carry her burden rather than produce the additional evidence he or she hopes to submit. <u>See</u> <u>Heggarty</u>, 947 F.2d at 993, 997. In no case, however, is it sufficient to simply allege that additional evidence exists. <u>Falu</u>, 703 F.2d at 26.

Here, LeClerc does just that. He merely suggests that some additional, Hepatitis-related medical records <u>may</u> exist that have not been requested by the Secretary. He has not presented me with copies of these records or provided any other evidence establishing their existence and content. Moreover, their existence and content is neither undisputed (the Secretary

8

contends that no such records exist) nor clearly discernable from the present record.  Consequently, I am unable to determine whether new and material evidence exists that would justify remanding LeClerc's claim to the Secretary for further hearing. At the original hearing, however, LeClerc did testify that he was currently suffering from Hepatitis-related fatigue, and there is no indication that the presiding ALJ attempted to document the present state of LeClerc's disease or leave the record open for LeClerc to do so.  I therefore will give LeClerc an additional ten days to produce the alleged medical records or other evidence from which I can determine whether the records are new and material.

### III.  CONCLUSION

For the foregoing reasons, I withhold final decision on LeClerc's motion for remand (document no. 7) for ten days.  If, within that time, LeClerc provides the Court with evidence demonstrating the newness and materiality of the additional medical records that the Secretary allegedly failed to obtain, I will remand his claim so that the Secretary may rectify this

error.  If LeClerc fails to make a satisfactory showing, I will address the remaining arguments presented in his motion for remand.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 4, 1994

cc:  Raymond Kelly, Esq.
     David Broderick, Esq., AUSA